UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BEVERLY LEVINE and LINDA
MARLENE MELTON, on behalf
of themselves and all others similarly
situated,

    Plaintiff,

vs.

NATIONSBANK, N.A.,
a national association

    Defendant.

_____/

CASE NO. 98-6306

CIV-MORENO

MAGISTRATE
BANDSTRA



## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, BEVERLY LEVINE and LINDA MARLENE MELTON, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and sue the Defendant, NATIONSBANK, N.A., a national association, and for their cause of action, declare and aver as follows:

1. Plaintiff, BEVERLY LEVINE (hereinafter referred to as "LEVINE"), is a current employee of Defendant, NATIONSBANK, N.A., (hereinafter referred to as "NATIONSBANK"). Plaintiff, LINDA MARLENE MELTON (hereinafter referred to as "MELTON"), is a former employee of NATIONSBANK. Together, Plaintiffs bring this action on behalf of themselves and all other current and former employees of NATIONSBANK, similarly situated to them, throughout the NATIONSBANK system, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* (hereinafter referred to as "the FLSA"). LEVINE and MELTON are citizens and residents of Broward County, Florida and within the jurisdiction of this Court.

2. Defendant, NATIONSBANK, is a national association regulated by the Federal Deposit Insurance Corporation, engaged in the business of banking, and within the jurisdiction of this Court.

3. This action is brought to recover from NATIONSBANK unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. §201, *et seq.*, and specifically under 29 U.S.C. §216(b).

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). NATIONSBANK is, and at all times pertinent to this Complaint, was, engaged in interstate commerce. At all times material hereto, the annual gross revenue of NATIONSBANK was, and continues to be, in excess of $500,000.00, per annum.

5. By reason of the foregoing, NATIONSBANK was, during all times hereafter mentioned, and is, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and §203(s).

6. The additional persons who may become plaintiffs in this action are current and former employees of NATIONSBANK, throughout the NATIONSBANK system, who are or were subject to the pay policies, practices, and procedures described in the paragraphs below, for the three (3) year period preceding the filing of this Complaint.

7. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §201-19 in that LEVINE and MELTON, and those current and former employees similarly situated to LEVINE and MELTON throughout the NATIONSBANK system, performed hours of service for NATIONSBANK for which no provision was made by NATIONSBANK to properly pay LEVINE and MELTON, and those current and former employees similarly situated to LEVINE and MELTON.

8. At all times material hereto, NATIONSBANK had a position called "Consumer Banker". At all times material hereto, NATIONSBANK had four (4) different levels for its position of "Consumer Banker": Consumer Banker I; Consumer Banker II; Consumer Banker III; and Consumer Banker IV. At all times material hereto, however, the job duties of "Consumer Bankers", regardless of their level, were

the same. The only difference between the different levels is the sales goals that each particular Consumer Banker must meet.

9. At all times material hereto, NATIONSBANK correctly classified the position of Consumer Banker I as non-exempt for purposes of the FLSA. However, at all times material hereto, until in or about December 1997, NATIONSBANK intentionally misclassified the position of Consumer Banker II, III and IV as exempt for purposes of the FLSA.

10. In or about August 1994, LEVINE became employed by NATIONSBANK, by virtue of a corporate merger, as a "Consumer Banker III". By reason of such employment, LEVINE was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). Further, LEVINE herself was engaged in commerce. The work performed by LEVINE was directly essential to the business operations of NATIONSBANK in interstate commerce.

11. In or about April 1988, MELTON became employed by NATIONSBANK's predecessor, NCNB. In or about 1990, MELTON became a "Consumer Banker II", and remained a Consumer Banker II until her termination on or about April 3, 1997. By reason of such employment, MELTON was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). Further, MELTON herself was engaged in commerce. The work performed by MELTON was directly essential to the business operations of NATIONSBANK in interstate commerce.

12. In the course of their employment as Consumer Bankers II and III with NATIONSBANK, LEVINE and MELTON, and other similarly situated current and former employees throughout the NATIONSBANK system, including Consumer Bankers II, III and IV, worked the number of hours required of them, many times in excess of forty (40), but were not paid overtime. At all times material hereto, NATIONSBANK's failure to pay overtime to LEVINE and MELTON, and other similarly situated current and former employees throughout the NATIONSBANK system, including Consumer Bankers II,

III and IV, was due to NATIONSBANK's intentional misclassification of Consumer Bankers II, III and IV as exempt.

13.     The pay policies, practices and procedures of NATIONSBANK, as described in the above paragraphs, violated the FLSA by failing to provide for overtime pay to LEVINE and MELTON, and other similarly situated current and former Consumer Bankers II, III and IV throughout the NATIONSBANK system, for those hours worked in excess of forty (40).

14.     Upon information and belief, because NATIONSBANK intentionally misclassified the Consumer Bankers II-IV as exempt, NATIONSBANK, in violation of §211(c) of the FLSA, failed to keep and/or maintain accurate time records for those individuals so employed. Nevertheless, whatever records may exist concerning the number of hours actually worked by LEVINE and MELTON, and all other similarly situated current and former Consumer Bankers II, III and IV throughout the NATIONSBANK system, and the compensation actually paid to such employees, are in the exclusive possession and sole custody and control of NATIONSBANK, and LEVINE and MELTON are unable to state at this time the exact amount due and owing them or each similarly situated employee. LEVINE and MELTON propose to obtain such information by appropriate discovery to be taken promptly in this case.

## COUNT I - RECOVERY OF UNPAID OVERTIME

15.     LEVINE and MELTON reaver and reallege all allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

16.     LEVINE and MELTON are entitled to be paid time and one half for each hour worked in excess of forty (40) per work week and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate work week in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated current and former employees are similarly owed their overtime rate, calculated properly, for those overtime hours they worked and for which they were not properly paid.

17. By reason of the said intentional, willful and unlawful acts of NATIONSBANK, all Plaintiffs (LEVINE and MELTON and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

18. As a result of NATIONSBANK's willful violation of the Act, all Plaintiffs (LEVINE and MELTON and those similarly situated to them) are entitled to liquidated damages in an amount equal to that set forth in paragraph 14.

WHEREFORE, Plaintiffs, BEVERLY LEVINE and LINDA MARLENE MELTON, and those similarly situated to them, who have or will opt into this action, demand judgment against Defendant, NATIONSBANK, for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper, including pre-judgment interest.

**LEVINE AND MELTON DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this 26 day of March, 1998.

Respectfully submitted,

MUCHNICK, WASSERMAN & DOLIN
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 710 North
Hollywood, Florida 33021
(954) 989-8100 - Broward/(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN
Fla. Bar No.: 608790
DANIEL R. LEVINE
Fla. Bar No.: 0057861

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
BEVERLY LEVINE and LINDA MARLENE MELTON, on behalf of themselves and all others similarly situated

**98-6306**

**DEFENDANTS**
NATIONSBANK, N.A.

CIV-MORENO    MAGISTRATE BANDSTRA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Broward_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Broward_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CATA 0:98CV/6306 Moreno/TEB

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Daniel R. Levine, Esq.  (954) 989-8100
Muchnick Wasserman & Dolin
4000 Hollywood Blvd, Suite 710 N. Hollywood, Fl 33021

ATTORNEYS (IF KNOWN)

FILED BY 98 MAR 27 AM 11:09 CARLOS JUENKE CLERK U.S.D.C. S.D. OF FLA.

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. §201, et seq. — Unpaid Overtime

IVa. _5_ days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B ☐ 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | B ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | A FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | B ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | | | * ☐ 890 Other Statutory Actions *A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | *A or B | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Refiled   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23
**DEMAND $** $1,000,000.00
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**
JULIET ALDRED v. NATIONSBANK    JUDGE UNGARO-BENAGES    DOCKET NUMBER 97-7547
ELLEN MALONEY v. NATIONSBANK    JUDGE HIGHSMITH    DOCKET NUMBER 97-6912

DATE 3/26/98    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. _513352_    Amount: _150.00_
Date Paid: _3/27/98_    M/ifp:_____